UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO FLOWERS,

                Petitioner,           Case Number 2:15-cv-10225
                                                       Honorable Nancy G. Edmunds

KENNETH ROMANOWSKI,

                Respondent.
_____/

**OPINION AND ORDER 1) DENYING PETITIONER'S MOTION FOR RELEASE PENDING DECISION [Dkt. 2], 2) GRANTING PETITIONER'S MOTION TO CORRECT PETITION [Dkt. 3], 3) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [Dkt. 10], 4) DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS, AND 5) DENYING CERTIFICATE OF APPEALABILITY**

Orlando Flowers, ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his Wayne Circuit Court convictions for one count of first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b), two counts of armed robbery, MICH. COMP. LAWS § 750.529, two counts of assault with intent to do great bodily harm less than murder , MICH. COMP. LAWS § 750.84, and one count of possession of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. Petitioner was sentenced to mandatory life imprisonment for the murder conviction and lesser terms for his other convictions. The amended petition raises a single substantive claim: Petitioner was denied the effective assistance of counsel when his trial attorney misinformed him regarding whether a suppressed statement he made to police could be used against him on cross examination.

This matter is before the Court on Respondent's motion for summary judgment, in which he asks the Court to dismiss the petition as untimely. Petitioner filed a response to

the motion, asserting that the petition was timely filed. The Court agrees with Respondent and the case will be dismissed.

## I. Background

Petitioner was found guilty of the above offenses after a jury trial on November 30, 1998. Petitioner filed a direct appeal in the Michigan Court of Appeals, raising claims not pertinent to this action. On February 27, 2001, the Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Flowers*, No. 218593, 2001 WL 721328. (Mich. Ct. App. Feb. 27, 2001). The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on September 25, 2001. *People v. Flowers*, 635 N.W.2d 316 (Mich. 2001) (table).

A little less than a year later, on September 20, 2002, Petitioner filed a motion for relief from judgment in the trial court, asserting the claim that now forms the basis for this action. The trial court granted the motion on March 2, 2007, ordered a new trial, and released Petitioner on a pretrial bond pending the new trial.

The prosecutor filed an application for leave to appeal in the Michigan Court of Appeals, challenging the trial court's decision. On November 18, 2008, the Michigan Court of Appeals issued an opinion reversing the trial court's decision and reinstating Petitioner's conviction. *People v. Flowers*, No. 279219, 2008 WL 4927326 (Mich. Ct. App. Nov. 18, 2008).

On January 12, 2009, Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On August 6, 2009, the Michigan Supreme Court denied the application. *People v. Flowers*, 769 N.W.2d 656 (Mich. 2009) (table).

Bizarrely, Petitioner remained free on the pretrial bond granted by the trial court for

approximately five more years, despite the fact that the order granting him a new trial had been reversed. Neither Petitioner nor the prosecutor took further action until August 13, 2014, when the prosecutor finally moved to have Petitioner returned to the custody. The motion was granted two days later and Petitioner was returned to prison to serve his sentence.

Petitioner filed the instant habeas petition on January 21, 2015, raising the same claim that he raised in his state post-conviction review proceeding.

## II. Discussion

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the

conclusion of direct review or the day when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

The limitation period began to run in this action when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). The Michigan Supreme Court denied relief on Petitioner's direct review on September 25, 2001. Because of weekends and federal holidays, the limitations period began running ninety-four days later, on December 27, 2001, the day after the deadline passed for filing a petition for a writ of certiorari in the U.S. Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); FRCP 6(a)(1)(C).

The limitations period continued to run until Petitioner filed his motion for relief from judgment in the trial court on September 20, 2002. See 28 U.S.C. § 2244(d)(2). That is, 267 days ran on the limitations period between the expiration of time for seeking direct review and Petitioner filing his state petition for post-conviction review.

The limitations period was tolled under § 2244(d)(2) from the time Petitioner filed his state post-conviction review proceeding until the date relief was ultimately denied by the Michigan Supreme Court on August 6, 2009. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). It should be noted that the state court proceeding merely tolled the limitations period, it did not restart the one-year clock. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (*citing Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)). The limitations period starting running again the day after the Michigan Supreme Court denied relief, August 7, 2009, and it continued running until Petitioner commenced the present action by signing his habeas petition and placing it in the prison mail system on January

21, 2015, a period of 1,994 days.

Adding the two periods together in which the statute of limitations ran, 2,261 days–a period of over six years–passed before Petitioner commenced this action. The petition was therefore untimely filed under the terms of the statute.

Petitioner's response to the motion for summary judgment challenges this analysis in three ways. First, Petitioner asserts that when the trial court set aside his conviction, granted him a new trial, and released him on pretrial bond, this reset the limitations period and it did not begin to run again until he was returned to custody in August of 2014. Second, Petitioner asserts that he is entitled to equitable tolling because he acted with reasonable diligence in pursuing relief after the he was returned to prison. Essentially, Petitioner asserts that he had no cause to pursue relief during the period that he was free on bond because the prosecutor ignored the Michigan Court of Appeals order reinstating his sentence. Last, Petitioner asserts that he is actually innocent.

Turning to Petitioner's first argument, no new judgment of sentence was entered in August of 2014 that might act to create a new starting point for the statute of limitations under §2244(d)(1)(A). Rather, and quite simply, Petitioner's original conviction and sentence was reinstated by virtue of the reversal of the trial court's order granting him a new trial. After the Michigan Supreme Court denied Petitioner's application for leave to appeal, he no longer had a state post-conviction proceeding pending to toll the limitations period. The fact that he was not physically in prison but free on bond does not alter the fact that he was a person "in custody pursuant to the judgment of a state court" and thus subject to the statute of limitations. §2244(d)(1); *Hensley v. Municipal Court*, 411 U.S. 345, 348–51 (1973) (holding that petitioner who was released on his own recognizance pending

his appeal was in custody for purposes of habeas jurisdiction).

Next, Petitioner asserts that he is entitled to equitable tolling because the prosecutor sat on his rights and waited approximately five years to move to cancel Petitioner's bond after his conviction was reinstated. The AEDPA limitation is subject to equitable tolling in appropriate cases. *Holland v. Florida,* 560 U.S. 631, 645(2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The equities do not line-up in Petitioner's favor. Petitioner obtained an order granting him a new trial and release on bond from the trial court. But after the prosecutor's appeal, that decision was reversed. Petitioner was then placed back in the position of a person facing a life-sentence. But oddly, neither the prosecutor nor the trial court took any action to enforce Petitioner's reinstated sentence. Thus, Petitioner found himself in a precarious but fortunate situation: he was sentenced to serve life in prison, but the state had apparently neglected to cancel his bond. Obviously, filing a petition for a writ of habeas corpus in federal court might have been exactly the type of action that would have alerted the state to its oversight and hastened his return to prison. So one can understand why Petitioner did nothing to challenge the Michigan Court of Appeals' decision in federal court. But this is just another way of saying that Petitioner sat on his rights to enjoy the benefits of his unwarranted freedom from incarceration. Petitioner's good fortune is not the type of "extraordinary circumstance" that prevented him from filing his petition. Rather, it constituted a calculated gamble on his part to elongate his freedom from incarceration for as long as possible. In other words, Petitioner was anything by diligent–he purposefully sat

on his rights so as not to alter the status quo. Accordingly, the Court finds that Petitioner is not entitled to equitable tolling.

Lastly, Petitioner claims that he is actually innocent. His claim is based entirely upon a statement made by the trial court when it granted him a new trial. The trial court stated, "had I been the finder of fact, I would have not found you guilty. I believe then and I believe now that you were a victim as well as those who lost their physical lives." Tr. 8/15/2014, p. 5.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Shlup*, because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. See *Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner's reference to the trial court's own view of the evidence presented at trial is not "new reliable evidence" that is "so strong that a court cannot have confidence

in the outcome" of his trial. See *Connolly v. Howes*, 304 Fed.Appx. 412, 419 (6th Cir. 2008).

Accordingly, the Court will grant Respondent's motion for summary disposition and dismiss the amended petition.

Petitioner's motion for release on bond pending resolution of his petition is therefore denied as moot.

### III. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason would not debate the Court's procedural ruling. A certificate of appealability will therefore be denied.

### IV. Order

For the foregoing reasons, **IT IS ORDERED** that Petitioner's motion amend his petition is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's motion for release pending decision is

**DENIED.**

**IT IS FURTHER ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the amended petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

                                              s/ Nancy G. Edmunds
                                              Honorable Nancy G. Edmunds
                                              United States District Judge

Dated:<u>July 23, 2015</u>